NOT DESIGNATED FOR PUBLICATION

No. 129,476

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GRACE COTTAGE, LLC,
*Appellee*,

v.

BOOKKEEPING N BEYOND, LLC,
and NICOLE LYNN CLEM, an individual,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DEBORAH MITCHELL, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

*Nicole Lynn Clem*, appellant pro se.

*Holly A. Dyer* and *Nicholas C. Kaechele*, of Foulston Siefkin LLP, of Wichita, for appellee.

Before SCHROEDER, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Grace Cottage, LLC is a long-term residential care community in Wichita. Grace Cottage used the accounting firm Bookkeeping N Beyond, LLC (hereinafter BNB) for its accounting needs from 2016 to 2020. Nicole Clem is the sole member of BNB. During Grace Cottage and BNB's business relationship, BNB withdrew money from Grace Cottage's account, allegedly to pay Grace Cottage's federal and state taxes. But Clem, via BNB, kept the money rather than paying the taxes.

1

Grace Cottage sued BNB and Clem for civil damages in the Sedgwick County District Court. After finding BNB and Clem in default, the district court held an evidentiary hearing on damages and then ordered BNB and Clem jointly to repay $722,376.20 to Grace Cottage.

Clem appeals, challenging solely the evidence at the damages hearing and the award of damages. She argues that she was unaware of and had no access to Grace Cottage's exhibits before the hearing. She asks us to reverse the award and remand for further proceedings. But having reviewed the record, we affirm the district court's damages award, finding no abuse of discretion.

FACTUAL AND PROCEDURAL BACKGROUND

Grace Cottage contracted with BNB and Clem to provide accounting, bookkeeping, payroll, and tax services. Between November 2016 and October 2020, BNB and Clem withdrew money from Grace Cottage's account, allegedly to pay Grace Cottage's state and federal taxes. But taxing authorities later advised Grace Cottage that only two quarters of taxes had been paid during those four years.

Grace Cottage sued Clem and BNB in January 2021. During that lawsuit, Grace Cottage produced documents to BNB and Clem's counsel in response to requests for production. But the parties jointly dismissed that action without prejudice in October 2023. A few months later, Grace Cottage refiled suit against BNB and Clem seeking damages for breach of contract, negligence, conversion, fraud, breach of fiduciary duty, and breach of good faith and fair dealing. BNB and Clem were represented by the same counsel that had represented them in the previous suit, but that counsel was later granted leave to withdraw.

2

Soon thereafter, Grace Cottage requested a status conference to set deadlines for BNB and Clem to retain counsel because, as an LLC, BNB could not proceed without counsel, and Clem, as a non-attorney, could not represent the LLC. See *Atchison Homeless Shelters, Inc. v. Atchison County*, 24 Kan. App. 2d 454, 455, 946 P.2d 113 ("[C]orporations can only be represented in Kansas courts by an attorney duly licensed to practice law in Kansas. Kansas follows the common-law rule that an appearance in court of a corporation by an agent other than a licensed attorney is not proper since a corporation is an artificial entity without the right of self-representation.").

In August 2024, the district court held the requested conference hearing, yet neither Clem nor BNB appeared. At the hearing, the district court ordered BNB to hire new counsel within 30 days, "otherwise [Grace Cottage's counsel] will file a default judgment." When BNB failed to timely retain counsel, Grace Cottage moved for a default judgment. At the hearing on that motion, Clem appeared pro se, but BNB did not appear. Ultimately, the district court granted Grace Cottage's motion for a default judgment.

On April 22, 2025, Grace Cottage gave notice to BNB and Clem of "an evidentiary hearing to determine damages following the entry of default judgment" to be held on May 20, 2025. At that damages hearing, Grace Cottage offered, and the district court admitted into evidence, a notebook of exhibits and testimony from Regina Lehman, the owner of Grace Cottage. Clem cross-examined Lehman and asked questions about those exhibits. The district court took the matter under advisement before ordering BNB and Clem to pay Grace Cottage $722,376.20 in damages.

Clem timely appeals pro se. Clem filed a notice of appeal on behalf of BNB as well, but because she cannot represent the LLC, we proceed without BNB's participation in this appeal.

3

Clem raises three arguments on appeal: (1) the district court abused its discretion by admitting the exhibits at the damages hearing because she had not previously seen the exhibits; (2) the district court violated her due process rights by admitting evidence that had not been properly disclosed to her before the damages hearing; and (3) the district court erred by entering an award based on evidence and testimony that was materially false and knowingly misrepresented by Grace Cottage, which deprived her of a fair trial and due process.

I.      *Did the district court err by admitting Grace Cottage's damages Exhibits?*

First, Clem argues that the district court erred by admitting Grace Cottage's exhibits because she had not previously seen them. Grace Cottage responds that Clem failed to preserve this issue for appeal because she did not contemporaneously object to admission of the evidence. Alternatively, it argues that the district court did not abuse its discretion by admitting the exhibits because Clem had access to the exhibits when she was represented by counsel, she had notice of the nature of the exhibits, she had a chance to review the exhibits at the damages hearing, she did not ask for a continuance, she cross-examined Lehman, and she had a chance to testify herself.

*Standard of Review*

We review Clem's argument that the district court erred by admitting evidence that she had not seen before trial for an abuse of discretion. *Walder v. Board of Jackson County Comm'rs*, 44 Kan. App. 2d 284, 286, 236 P.3d 525 (2010); *Canaday v. Midway Denton U.S.D. No. 433*, 42 Kan. App. 2d 866, 869, 218 P.3d 446 (2009); *Valle v. Green*, No. 119,596, 2019 WL 985385, at *2 (Kan. App. 2019) (unpublished opinion) (citing *Walder*). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful,

or unreasonable; (2) based on an error of law; or (3) based on an error of fact. Clem, as the party challenging the admission, bears the burden of showing an abuse of discretion. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024).

We first address Grace Cottage's claim that Clem failed to preserve this issue for appeal because she did not contemporaneously object to admission of the evidence. K.S.A. 60-404 generally precludes an appellate court from reviewing an evidentiary challenge absent a timely and specific objection made on the record. See *In re Morton*, 317 Kan. 724, 739-40, 538 P.3d 1073 (2023). That statute states:

> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection." K.S.A. 60-404.

Our Supreme Court has consistently and recently instructed us not to consider unpreserved evidentiary questions:

> ". . . K.S.A. 60-404 permits only one outcome regarding unpreserved evidentiary challenges: that the challenge will not be the basis for setting aside the verdict or reversing the judgment. Thus, for an appellate court to go beyond this pronouncement and consider the merits of the unpreserved challenge—even to conclude no error occurred—would be akin to an advisory opinion And 'Kansas courts do not render advisory opinions.'" *State v. Sinnard*, 318 Kan. 261, 282, 543 P.3d 525 (2024).

We thus review the colloquy at the time the exhibits were offered into evidence to see if Clem made a timely and specific objection to them.

> "[GRACE COTTAGE'S COUNSEL]: First of all, Your Honor, I'm going move to admit this notebook. The evidentiary hearing notebook.

"THE COURT: Do you have a copy?

"Has she seen all this?

"[GRACE COTTAGE'S COUNSEL]: She has.

"MS. CLEM: I have not seen it.

"[GRACE COTTAGE'S COUNSEL]: They've all been produced during discovery when you were represented by counsel.

"THE COURT: Okay. So, yeah. So she should have seen them when she was represented by counsel.

"You can at least look at them as we're going along. Okay?

"[GRACE COTTAGE'S COUNSEL]: Thanks."

Grace Cottage's counsel then continued questioning Lehman, using exhibits in the notebook without any objection from Clem.

We agree with Grace Cottage that Clem did not object to the admission of this evidence before the district court. Clem's statement, "I have not seen it," is not a timely and specific objection to admission of the evidence in the notebook, as K.S.A. 60-404 requires. Thus, Clem has not properly preserved this issue for appeal.

Clem asserts that she objected and asked to review the evidence before proceeding. But Clem fails to support that statement with any citation to the record showing that she did so, as our rules require. See Supreme Court Rule 6.02(a)(5) (2026 Kan. S. Ct. R. at 36) (requiring appellant's brief include a pinpoint reference to the location in the record where the issue was raised and ruled on). When a factual statement, such as this one, is made without a reference to the fact's volume and page number in the record, this court may presume that the factual statement has no support in the record on appeal. Rule 6.02(a)(4); see *Butler v. State*, No. 127,474, 2025 WL 733370, at *2 (Kan. App. 2025) (unpublished opinion) (applying Rule 6.02[a][4]). We do so here.

6

But even if we ignored Clem's failure to comply with the Supreme Court Rules and our related presumption, our independent review of the record reveals that Clem made no timely or specific objection to the evidence she now challenges. Clem's failure to contemporaneously object to the admission of the evidence precludes us from reaching the merits of Clem's argument.

Although this result may seem extreme, Clem's status as a pro se litigant does not permit her to avoid K.S.A. 60-404's requirement. "Under Kansas law, the pro se liberal construction rule does not mean that pro se litigants can ignore procedural requirements." *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, 498, 505 P.3d 775 (2022). Clem is required to follow the same procedural and evidentiary rules that apply to others:

> "'A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se.' *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986)." *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005).

See also *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007) (citing *Mangiaracina* with approval). We thus do not reach the merits of Clem's claim that the district court abused its discretion by admitting the exhibits in the notebook.

II.     *Did admission of the evidence violate Clem's due process rights?*

Clem separately argues that the district court violated her due process rights by admitting and relying on the documents in the exhibit notebook because those exhibits were not properly disclosed to her before the hearing. She argues that admission of the evidence deprived her of notice and a meaningful opportunity to be heard because the "trial by ambush" violated the fundamental fairness of the proceeding.

Grace Cottage counters that, as above, Clem did not preserve this issue for appeal because she failed to contemporaneously object to admission of the evidence. In the alternative, it argues that the admission of the evidence did not violate Clem's due process rights because she had notice and a meaningful opportunity to be heard on the issue, as the evidence shows:

- Clem was given proper notice almost four weeks before the damages hearing;
- she had constructive notice of the content of the upcoming hearing from her presence at the hearing on the motion of the default judgment;
- she had adequate time to prepare and to confirm that she had the disclosed documents that had been in her former counsel's possession, to prepare her own documentary evidence, to line up witnesses to testify, and to prepare to testify herself;
- she was allowed to fully participate in the damages hearing; and
- she did not seek a continuance.

Here, as above, we must begin by addressing Grace Cottage's argument that Clem did not preserve this issue for appeal because she failed to contemporaneously object to admission of the evidence. Even when, as here, the argument on appeal asserts a constitutional due process violation, a failure to contemporaneously object precludes appellate review. See *State v. Solis*, 305 Kan. 55, 63-64, 378 P.3d 532 (2016) (explaining

8

even when a defendant's challenge to the admission of evidence implicates a constitutional violation, the failure to contemporaneously object at trial will generally preclude appellate review of the evidentiary claim). Thus, this argument fails for the same reason as in the first issue; Clem failed to contemporaneously and specifically object to the evidence.

III.     *Did the district court err by basing its damages award on materially false evidence?*

Lastly, Clem contends that the district court erred by entering an award based on evidence and testimony that was "materially false" and was "knowingly misrepresented" by Grace Cottage, which deprived her of a fair trial and due process.

Grace Cottage responds, once again, that Clem's failure to contemporaneously object to the admission of this evidence precludes her from challenging the damages award. Alternatively, Grace Cottage argues that nothing in the record shows that the district court admitted any false or misleading evidence in the damages hearing.

Although one could agree that Clem should have objected to any false or misleading evidence as such at the damages hearing, we view this argument as essentially attacking the sufficiency of the evidence supporting the damages award. A defendant need not challenge the sufficiency of the evidence before the trial court to preserve it for appeal. *State v. Farmer*, 285 Kan. 541, 545, 175 P.3d 221 (2008). We thus reach the merits of this issue.

When reviewing a remedy the trial court has fashioned to make the injured party whole, "'the test on appellate review is not whether the remedy is the best remedy that could have been devised, but whether the remedy so fashioned is erroneous as a matter of

law or constitutes a breach of trial court discretion.'" *Peterson v. Ferrell*, 302 Kan. 99, 106, 349 P.3d 1269 (2015)

> "Thus, while damage awards are discretionary, 'there must be some reasonable basis for computation which will enable the trier of fact to arrive at an approximate estimate thereof.' On review, appellate courts do not reweigh evidence or pass upon the credibility of witnesses. When examining whether the evidence is insufficient to support a claim of damages because it is too conjectural or speculative, we examine the record in the light most favorable to the prevailing party. [Citations omitted.]" *Peterson*, 302 Kan. 106-07.

Clem argues that the district court's damages award was "influenced by evidence and testimony that were false and materially misleading," and that Grace Cottage's counsel "presented statements of fact and supporting exhibits that were later shown—or can be shown—to be inaccurate, incomplete, or deliberately distorted."

But Clem, as the party making this claim, bears the burden to designate a record sufficient to establish her claims to this court. *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 462-63, 509 P.3d 1211 (2022); see also Rule 6.02(a)(4). And it is her burden to cite the location in the record on appeal that supports her factual assertions. See Rule 6.02(a)(4). Clem has failed to meet that burden—she cites no evidence in the record suggesting that the award was based on false or materially misleading testimony. She does not tell us what evidence the district court should have discounted as false or misleading. And we must base our decisions on facts shown by the record, not on speculation.

Moreover, Clem failed to designate the exhibits used to assess the damages award, so we cannot review that evidence to see if it sufficiently supports the district court's award of $722,376.20 to Grace Cottage. Although the record is scant, the district court's journal entry of the award shows a detailed account of the specific amounts owed and

10

what each subtotal was for. That accounting follows the evidence presented at the damages hearing, insofar as we can tell without seeing the exhibits. Our review of the record fails to suggest that the damages award was based on an abuse of discretion.

Affirmed.